Savino v. Kerwick Savino

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand fifteen.

PRESENT:
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

--------------------------------------------------

Kenneth D. Savino,

> *Plaintiff-Appellee*,

> v.                                                                          13-3617

Colleen Kerwick Savino,

> *Defendant-Appellant*.[1]

--------------------------------------------------

**FOR PLAINTIFF-APPELLEE:**           Jon T. Kukucka, Budlong & Barrett, LLC, Hartford, CT.

**FOR DEFENDANT-APPELLANT:**       Colleen M. Ni Chairmhaic, pro se, Avon, CT.

Appeal from an order of the United States District Court for the District of Connecticut

(Shea, *J.*).

--------------------------------------------------

[1] The Clerk of the Court is directed to amend the case caption as above.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Colleen Kerwick Savino, an attorney proceeding pro se[2], appeals the district court's grant of attorney's fees to Appellee Kenneth D. Savino. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"[O]ur review of a district court's award of attorney's fees and costs under [28 U.S.C. §] 1447(c) is for abuse of discretion." *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (brackets, citations, and internal quotation marks omitted).

Kerwick Savino argues that the district court deprived her of her procedural due process right to an opportunity to be heard before awarding attorney's fees and costs under 28 U.S.C. § 1447(c). Assuming that procedural due process conditions attach to such an award, the record demonstrates that Kerwick Savino was afforded an adequate opportunity to be heard before the district court remanded and awarded attorney's fees and costs.

Anticipating a motion to remand, Kerwick Savino explained with considerable detail in her notice of removal her argument that the domestic relations exception to federal jurisdiction did not apply. Kerwick Savino reiterated that argument in her Opposition to the "Motions for Custody and Evaluations," which she filed after Savino moved for the attorney's fees and costs

---

[2] Although the docket and the briefing in this Court list Appellant's name as "Colleen Kerwick Savino," she has entered her appearance in this action using the Irish Gaelic spelling of her maiden name – "Ni Chairmhaic."

at issue, and before the district court issued its remand order and award of attorney's fees and costs. That is also the same argument that Kerwick Savino has pressed on appeal for why the attorney's fees and costs should not have been awarded. Kerwick Savino was also provided with an opportunity to contest the amount of the requested attorney's fees, and the district court reduced the fee request after considering Kerwick Savino's opposition. Given these circumstances, we are satisfied that Kerwick Savino was afforded an adequate opportunity to present her opposition to the district court before the district court awarded attorney's fees and costs.

Further, the district court did not abuse its discretion in concluding that attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) were appropriate here. It is "settled law that a case may *not* be removed to federal court on the basis of a federal defense." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (emphasis in original). The district court's conclusion that removal was inappropriate under the well-pleaded complaint rule was therefore correct. It is clear from Kerwick Savino's arguments in this Court, which base her arguments for federal jurisdiction on various asserted federal defenses to Savino's application for sole custody, that she lacked an "objectively reasonable basis for seeking removal," and thus Savino was entitled to fees under 28 U.S.C. § 1447(c). *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

We have considered Kerwick Savino's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3